IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAIR RODRIGUEZ MOLINERO, A075-614-869,<br><br>              Plaintiff,<br><br>  vs.<br><br>DEP'T OF HOMELAND SECURITY, et al.,<br><br>              Defendants.<br>_____ | CIV. NO. 15-00235 LEK/RLP<br><br>TRANSFER ORDER |

## **TRANSFER ORDER**

*Pro se* Plaintiff Hair Rodriguez Molinero filed this civil rights action on July 2, 2015, "on behalf of the thousands of detainees and their families, which are suffering all the abuse, prejudice and discrimination," while in the custody of the United States Immigration and Customs Enforcement Agency ("ICE"). Compl., Doc. No. 1. Molinero was convicted in the District of Hawaii on November 17, 2008, of conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. *See United States v. Molinero*, Cr. No. 08-00155 SOM. He was released from the Federal Bureau of Prisons' ("BOP") custody on or about July 10, 2014, however. *See* BOP Inmate Locator.[1] He is now in ICE custody at the McHenry County Jail, located in Woodstock,

---

    [1]Avail.: http://www.bp.gov/inmateloc. (visited 07/07/2015).

Illinois, pursuant to an order of removal.  *See* Compl., Doc. No. 1; *see also* ICE Online Detainee Locator System.[2]

Molinero alleges that he and other immigration detainees and their families are subjected to inadequate mental and medical health care, cruel and unusual punishment, crowded living conditions, physical abuse, and denial of grievance procedures. He seeks legislation to create a new law, "'**T.O.D.O.S.**' (**T**he **O**ther **D**etainee **O**ffer **S**tatus," to govern the civil detention of those who have been ordered removed from the United States, including himself.  Compl., Request for Relief, Doc. No. 1. Molinero's Complaint is nearly identical to one filed recently in this court by Dr. Felix Guzman Rivadeneira, a fellow customs detainee confined at the McHenry County Jail.  *See Rivadeneira v. Dep't of Homeland Security*, Civ. No. 15-00231 LEK (D. Haw. June 15, 2015) (dismissed without prejudice July 6, 2015, for failure to state a claim and improper venue).

Because Molinero is in custody of ICE and names only federal agencies and officials, the court construes this action as asserting claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  In addition to the creation of a new law and concomitant policies, Molinero seeks damages, and declaratory and injunctive relief.  For the

---

[2] Avail.: https://locator.ice.gov. (visited 07/07/2015).

following reasons, this action shall be TRANSFERRED to the United States District Court for the Northern District of Illinois.

## I. **DISCUSSION**

When jurisdiction is not premised solely on diversity of citizenship, as here, 28 U.S.C. § 1391(b) applies to determine proper venue. Section 1391(b) provides that a civil action may "be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Molinero has been confined for approximately a year at the McHenry County Jail, in Woodstock, Illinois, as an immigration and customs detainee. He complains about conditions of confinement that occurred or are occurring in the McHenry County Jail, which is located within the jurisdiction of the United States District Court for the Northern District of Illinois. Molinero does not explain why he filed this suit in the District

3

of Hawaii and alleges no facts suggesting a nexus between his civil rights claims regarding the McHenry County Jail and this District. The Northern District of Illinois is the judicial district in which the events at issue took place, the likely defendants are located, and where Molinero is presently in custody. Venue for this action therefore lies in the Northern District of Illinois.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In the interest of justice, the court ORDERS the Clerk of Court to TRANSFER this action to the United States District Court for the Northern District of Illinois where venue is proper.[3]

The court will allow the United States Attorney's Office for the District of Hawaii the opportunity to notify the

---

[3]The court dismissed *Rivadeneira*, Civ. No. 15-00321 LEK rather than transferring the action. Doc. No. 5. Rivadeneira, however, had filed identical complaints in 52 districts, several of which had been transferred to the Northern District of Illinois from other districts. *See* PACER Case Locator, avail: http://pacer.psc.uscourts.gov.. These transferred cases protected Rivadeneira's claims from outright dismissal and to determination in the appropriate venue.
  Molinero, however, has not filed duplicative cases in other federal courts and has not had the opportunity to present his claims in the proper venue. The interests of justice are therefore better served by transferring Molinero's case rather than dismissing it.

court whether, if properly served, it would waive the affirmative defense of improper venue. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (holding the district court may raise defective venue *sua sponte*, if Defendants are given the opportunity to waive the defense of improper venue). Such notice shall not constitute a responsive pleading, or a waiver of service of the complaint and summons.

## II.  CONCLUSION

(1)  The Clerk is DIRECTED to send a copy of this Order and Plaintiff's pleadings to the United States Attorney for the District of Hawaii.  This SHALL NOT constitute service of the complaint.  **IF** the United States objects to this court's determination regarding transfer of this action, and represents that it would waive the defense of improper venue if properly served, it SHALL NOTIFY the court on or before **July 24, 2015**. Such notice shall not constitute a responsive pleading, or a waiver of service of the complaint and summons.

(2)  If the United States Attorney for the District of Hawaii does not respond on or before **July 24, 2015**, the Clerk is DIRECTED to immediately TRANSFER this action to the United States District Court for the Northern District of Illinois.

(3)  The court will take no action on Molinero's *in forma pauperis* application at this time.  The United States District Court for the Northern District of Illinois is better positioned

to address this request after this action has been transferred to that district.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 10, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Molinero v. Dep't of Homeland Security,* 1:15-00253 LEK/bmk; psa Trsf 2015; J:\PSA Draft Ords\LEK\Molinero 15-253 lek (ICE detainee).wpd